## 435 Cent. Park W. Tenant Assoc. v Park Front Apts., LLC

2024 NY Slip Op 30600(U)

February 26, 2024

Supreme Court, New York County

Docket Number: Index No. 452296/2016

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   HON. MARY V. ROSADO
                                                          Justice

-------------------------------------------------------------------X

435 CENTRAL PARK WEST TENANT ASSOCIATION,
YASUTO TAGA, LYDIA BAEZ, CESAR PENA, JORGE
MARTINEZ, MARTHA ARIF, JOY HARRIS, ALTON SWIFT,
JENNIE MORTON-GARCIA, MARTHA ADAMS, ALLADIN
WALTERS, VICTORIA FRASIER, JOSE REGALADO,
JUAN HUNTT, CHRISTINE BARROW, GEORGE PARKER,
BJORG JEAN-PIERRE, MARIA CRUZ, HIRAM CHAPMAN

|  |  |
|---|---|
| PART | 33M |
| INDEX NO. | 452296/2016 |
| MOTION DATE | 11/11/2023 |
| MOTION SEQ. NO. | 6 |

                                        Plaintiff,

                   - v -

PARK FRONT APARTMENTS, LLC,

                                        Defendant.

**DECISION + ORDER ON MOTION**

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 339, 341, 342

were read on this motion to/for                                    RENEW                                    .

Upon the foregoing documents, and after oral argument, which took place on September 12, 2023, where Charles Álvarez, Esq. appeared on behalf of the Plaintiff, 435 Central Park West Tenant Association and the individually named plaintiffs, and Adam Lindenbaum, Esq. and Jeffrey Turkel, Esq. appeared on behalf of Defendant Park Front Apartments, LLC ("Defendant" or "Owner"), Defendant's motion for an order pursuant to CPLR § 2221(e)(2), for leave to renew the May 28, 2020 order of the Appellate Division, First Department is denied.

**Background**

The procedural and factual background of this case was recited in the March 17, 2023 decision of this Court which is incorporated herein by reference [NYSCEF Doc. 259]. For convenience, a synopsis and procedural history relevant to this motion is provided here.

452296/2016   435 CENTRAL PARK WEST TENANT vs. PARK FRONT APARTMENTS, LLC
Motion No. 006

Page 1 of 6

[* 1]

Defendant is the owner of a building located at 435 Central Park West in Manhattan ("Building") and in November 2000, entered a Use Agreement with (at the time) the U.S. Department of Housing and Urban Development (HUD) governing the Building's continued HUD regulation through April 2016 [*Id.*]. The Use Agreement established rules governing the property, including how to set rents for tenants prospectively, requiring Owner to continue the low- and moderate-income restrictions and requiring federal preemption from local rent regulation until at least April 2016 [*Id.*].

The Use Agreement provided a one-time opportunity for tenants who at the time did not qualify for HUD benefits -- such as the Subject Plaintiffs -- to recertify and potentially to reclaim the benefits of paying a lower rent based on the pre-Use Agreement "BMIR Contract Rent" if their income levels and occupancy status qualified [*Id.*].

Tenants who failed to recertify, or tenants who recertified, but whose income exceeded the limits and/or underutilized apartments under the Use Agreement, or did not otherwise qualify, were authorized by the Use Agreement to be charged annual 7.5% rent increases [*Id.*].

Prior to entering the Use Agreement with HUD, Owner sought an opinion letter from the New York State Division of Housing and Community Renewal ("DHCR") that preemption from local rent regulation, including the Rent Stabilization Law ("RSL"), would continue under the Use Agreement. DHCR issued an Opinion Letter on December 17, 1999 ("DHCR 1999 Opinion") opining that preemption should continue and the Building should "remain free of any existing New York City rent regulation until such time as HUD relinquishes its level of control of the project [*Id.*]."

Plaintiff commenced this action on November 23, 2016 (NYSCEF Doc. 1). Plaintiffs sought declaratory judgment that the building located at 435 Central Park West has been subject

452296/2016   435 CENTRAL PARK WEST TENANT vs. PARK FRONT APARTMENTS, LLC        Page 2 of 6
Motion No. 006

2 of 6

to the Rent Stabilization Law and NYC Admin Code §§ 26-501 since at least November 2000. Plaintiffs also allege that Defendant failed to comply with the RSL (*Id.*).

By Decision and Order dated July 24, 2017, Hon. Carol R. Edmead denied Defendant's motion for summary judgment and granted Plaintiffs' motion for partial summary judgment, finding that the Building was subject to the RSL as of December 29, 2000 (NYSCEF Doc. 60). Both parties appealed that decision and order (NYSCEF Docs. 62 and 64).

On August 22, 2018, the First Department issued a decision and modified Justice Edmead's decision and order (NYSCEF Doc. 72). The First Department held that the Building did not become subject to the RSL until April 12, 2011 (*435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC*, 164 AD3d 411, 414 [1st Dept 2018]).

On June 21, 2019, Defendant moved for summary judgment again seeking dismissal of Plaintiffs' Complaint (NYSCEF Doc. 78). On August 5, 2019, Plaintiffs cross-moved for partial summary judgment on their cause of action for rent overcharge (NYSCEF Doc. 107). On October 31, 2019, the Hon. Carol R. Edmead issued a Decision and Order denying both Defendant's and Plaintiffs' motions for summary judgment (NYSCEF Doc. 159). On November 7, 2019, Defendant appealed Justice Edmead's decision (NYSCEF Doc. 160).

Justice Edmead's October 31, 2019, denial was affirmed by the First Department on May 28, 2020 (NYSCEF Doc. 164). The First Department agreed that the Plaintiffs had raised an issue of fact as to whether Defendant tampered with the recertification process provided for under the Use Agreement and "pressured and misled tenants, for the purpose of improperly raising rents at Use Agreement 'Market' rates far higher than the Use Agreement 'Contract' rates (*435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC*, 183 AD3d 509, 510 [1st Dept 2020]) ("2020 Appellate Division Order").

452296/2016   435 CENTRAL PARK WEST TENANT vs. PARK FRONT APARTMENTS, LLC        Page 3 of 6
Motion No. 006

3 of 6

By Decision and Order dated March 17, 2023, this Court granted Defendant's motion for partial summary judgment with respect to 11 of the 18 Plaintiffs (*i.e.*, Jorge Martinez, Martha Arif, Joy Harris, Jennie Morton-Garcia, Martha Adams, Alladin Walters, Juan Huntt, George Parker, Bjorg Jean-Pierre, Maria Cruz, and Hiram Chapman), as they could not, as a matter of law, assert injury as a material element to prove fraud, and that the rent actually paid by each of them on the November 23, 2012 base date was valid (NYSCEF Doc. 239).

On April 4, 2023, Defendant filed the instant motion seeking leave to renew the 2020 Appellate Division Order to the extent that the First Department ruled that DHCR's default rent formula can be applied where there is a "fraudulent rent overcharge scheme" -- as opposed to a fraudulent scheme to deregulate or destabilize -- on the ground that the ruling is no longer viable in light of the Court of Appeals' March 16, 2023 order in *Casey v Whitehouse Estates, Inc.*, 39 NY3d 1104 [2023] ("Casey"). Defendant also sought partial summary judgment dismissing the fraud claims of the 7 of the remaining 18 Plaintiffs not covered by the March 17, 2023 order of this Court (*i.e.* Taga, Baez, Peña, Swift, Frasier, Regalado and Barrow)[1] (the "Remaining Tenants), and (ii) determining that the rent actually paid by each of the Remaining Tenants on the November 23, 2012 base date was valid, such that the only remaining issues to be determined are: (A) the amount of the overcharge in excess of the base date rent, if any; and (B) whether any such overcharge was willful.

Plaintiffs oppose the motion, arguing initially that this court should deny Defendant's motion as improper insofar as Defendant cannot "reargue"[2] the 2020 Appellate Division Order in

---

[1] This Court dismissed the fraud claims with respect to Frasier pursuant to so-ordered stipulation dated April 24, 2023 (NYSCEF Doc. No. 276) and with respect to Barrow pursuant to Order dated October 24, 2023 (NYSCEF Doc. 275).

[2] Plaintiffs employ the term "reargue," although Defendant has labeled its submission as a motion to renew.

452296/2016   435 CENTRAL PARK WEST TENANT vs. PARK FRONT APARTMENTS, LLC
Motion No. 006

Page 4 of 6

this forum. Plaintiffs further assert that Defendant is attempting to renew the same decision that it already sought to reargue with the Appellate Division.

The Appellate Division denied the Defendant's prior motion to reargue the 2020 Appellate Division Order, or in the alternative, for leave to appeal to the Court of Appeals (*435 Central Park West Tenant Association v Park Front Apartments, LLC*, 2020 WL 6141813, 2020 NY Slip Op. 73310(U) [1st Dept Oct. 20, 2020].

**Discussion**

CPLR § 2221(e)(2) provides that a motion to renew shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination. A clarification of decisional law is a sufficient change in the law to support renewal (*Puello v City of New York*, 118 AD3d 492 [1st Dept 2014]); *Roundabout Theatre Co. v Tishman Realty & Constr. Co.*, 302 AD2d 272 [1st Dept 2003]). A motion to renew based upon a change in the law must be made prior to the entry of a final judgment or before the time to appeal has expired *(160 East 84th Street v New York State Division of Housing and Community Renewal*, 203 AD3d 501 [1st Dept 2022]). Whether to grant leave to renew is in the discretion of the Court (*Bank of America, N.A. v Filho*, 203 AD3d 594 [1st Dept 2022]). This motion is timely because it was made before a final judgment was entered; however, no new facts or law have been presented.

As a threshold matter, "[a] motion for leave to renew or to reargue a prior motion ... shall be made, on notice, to the judge who signed the order, unless he or she is for any reason unable to hear it (CPLR § 2221(a); *C & N Camera & Elecs., Inc. v Pub. Serv. Mut. Ins. Co.*, 210 AD2d 132, 133 [1st Dept 1994]). Here, Defendant is not seeking to renew or reconsider an order of *this* Court. Rather, the motion seeks to renew a decision and order of the Appellate Division,

452296/2016  435 CENTRAL PARK WEST TENANT vs. PARK FRONT APARTMENTS, LLC
Motion No. 006

Page 5 of 6

First Department. CPLR § 2221 does not empower this Court to grant leave to renew an order of the Appellate Division.

While this Court may entertain a motion for leave to renew an order, even post-affirmance of the Supreme Court (*Yemini v Goldberg*, 119 AD3d 557, 558 [2d Dept. 2014]), the Court agrees with Plaintiffs that there is no legitimate basis for this Court to entertain a motion that reconsiders a decision and order of the Appellate Division. In bringing their motion before this Court, Defendant is asking this Court to take the highly inappropriate action of reviewing and reversing an order of a superior court. As noted above, the Defendant previously made a motion to reargue the 2020 Appellate Division Order, or in the alternative, for leave to appeal to the Court of Appeals. Both motions were denied. *See, 435 Central Park West Tenant Association, et al. v Park Front Apartments, LLC*, 2020 WL 6141813, 2020 NY Slip Op. 73310(U).

Accordingly, it is

ORDERED that Defendant's motion for leave to renew is denied.

ORDERED that Defendant serve a copy of this order with notice of its entry on Plaintiffs and on the office of the County Clerk, which shall enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 2/26/2024 | *Mary V Rosado JSC* |
|-----------|---------------------|
| DATE | HON. MARY V. ROSADO, J.S.C. |

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☒ DENIED ☐ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

452296/2016 435 CENTRAL PARK WEST TENANT vs. PARK FRONT APARTMENTS, LLC
Motion No. 006

Page 6 of 6